[No. B197671. Second Dist., Div. Six. Oct. 14, 2008.]

MICHAEL A. HECHT, Plaintiff and Appellant, v.
THE PAUL REVERE LIFE INSURANCE COMPANY et al., Defendants
and Respondents.

COUNSEL

Pedersen Law & Dispute Resolution Corp., Neil Pedersen, Dan E. Heck, Julie Nester; McCarty Law and John C. McCarty for Plaintiff and Appellant.

Barger & Wolen, Martin E. Rosen and Robert Hess for Defendants and Respondents.

## OPINION

**YEGAN, J.**—Michael A. Hecht appeals from the grant of a summary judgment in favor of his disability carrier. The trial court, relying on *Erreca v. West. States Life Ins. Co.* (1942) 19 Cal.2d 388 [121 P.2d 689], ruled that there were no triable issues of fact and that appellant was not "totally" disabled. Given the state of the record and appellant's concessions that certain facts are undisputed, we affirm. Our standard of review is de novo. (*Artiglio v. Corning Inc.* (1998) 18 Cal.4th 604, 612 [76 Cal.Rptr.2d 479, 957 P.2d 1313].)

Appellant was and is the owner/president of a successful retail clothing business with several locations in Southern California. For approximately 20 years, he was a "hands-on" owner who worked full time every day building this business. In 1990, he purchased a disability insurance policy from respondent listing his duties as "buyer/manager/office operations." The policy defined "total disability" as being "unable to perform the important duties of Your Occupation . . . ." With certain amendments and riders to the policy, he could have received approximately $10,000 per month if he became "totally disabled."

In October of 2000, appellant was involved in an automobile accident which resulted in his suffering from neck pain, upper back pain, and lower back pain. He took a variety of medicines to ameliorate these symptoms. His physician confirmed that he had lumbar injury which included bulging discs, spinal stenosis and muscle spasms. This hampered his ability to walk, sit, bend, and lift objects.

In connection with his application for disability insurance payments, appellant's physician declared that he was "partially" disabled. Notwithstanding his pain and physical limitations, he continued to work full time and performed his work the same way he had done prior to the accident, albeit with less gusto and more physical limitations than before the accident. A key employee, bookkeeper Marie Pasion, testified at deposition that appellant, postaccident, performs all of the duties that he was performing before the accident.

It is uncontested that appellant still works as the owner/president of his business and goes to work every day doing what he did before. His income has not suffered as a result of the accident.[1] He is limited in his physical activities and cannot perform each and every physical task that he did prior to the accident. For example, he cannot lift certain items of clothing, he cannot physically help in the loading and unloading of merchandise, he cannot climb ladders, and he cannot sit or stand for lengthy periods of time.

■ The parties have canvassed the law of disability insurance in an effort to show that precedent compels, as a matter of law, that the judgment should be reversed or affirmed. They agree that the controlling authority is the case relied upon by the trial court. The black-letter rule of law that governs this case is as follows: "[T]he term 'total disability' does not signify an absolute state of helplessness but means such a disability as renders the insured unable to perform the substantial and material acts necessary to the prosecution of a business or occupation in the usual or customary way. Recovery is not

---

[1] Appellant's declaration in opposition to the motion for summary judgment indicated that the disability led to the closing and/or sale of some of his stores.

precluded under a total disability provision because the insured is able to perform sporadic tasks, or give attention to simple or inconsequential details incident to the conduct of business [citations]. Conversely, the insured is not totally disabled if he is physically and mentally capable of performing a substantial portion of the work connected with his employment. He is not entitled to benefits because he is rendered unable to transact one or more of the duties incidental to his business [citations]." (*Erreca v. West. States Life Ins. Co., supra,* 19 Cal.2d at p. 396.)

The parties sharply disagree on just what portion of the above stated rule is here determinative. We believe that all portions of the *Erreca* rule are apposite. Appellant keys in on the phrase "usual or customary" and argues that there are contested issues of fact showing that appellant cannot perform the job duties he usually and customarily performed before the accident. Respondent concedes that appellant has some limitations but argue that he is still physically and mentally capable of performing a substantial portion of the work he listed on the application for disability insurance.

In our view, appellant misconstrues the fair import of the phrase "usual or customary," as it is used in the *Erreca* opinion. We agree that there are contested issues of fact concerning whether or not appellant can physically perform some of his job functions in the same way he did prior to the accident. Appellant was a "hands-on" business owner who frequently did physical labor. Now, he cannot. This does not defeat summary judgment. Even if it were shown that all owners of retail clothing businesses performed "hands-on" labor, it would not make a difference. It would make a difference if appellant's job required him to perform substantial physical labor. It does not.

As we read the policy, the duties which appellant cannot now perform cannot reasonably be said to be "important" for a "buyer/manager/office operations." Appellant continues to work every day in the business. His income from this business is substantially the same as it was before the accident. He has proven by his own actions that he is able to perform "substantial and material acts necessary to the prosecution of a business," that he is doing more than "sporadic tasks," and that he is performing more than "simple or inconsequential details incident to the conduct of business." (*Erreca v. West. States Life Ins. Co., supra,* 19 Cal.2d at p. 396.) Stated another way, "he is physically and mentally capable of performing a substantial portion of the work connected with his employment." (*Id.,* at p. 396.) The trial court correctly determined, as a matter of law, that appellant is not totally disabled.

The judgment is affirmed.

Gilbert, P. J., and Coffee, J., concurred.